EDISON MFG. CO. v. BANKS ELECTRIC & MFG. CO.

(Circuit Court of Appeals, Second Circuit. January 13, 1913.)

No. 164.

PATENTS (§ 328*)—VALIDITY AND INFRINGEMENT—VOLTAIC BATTERY.

The Dodge patent, No. 894,487, for a voltaic or primary battery, was not anticipated, and, although the elements are old, covers a novel and patentable combination; the result being a battery which is stronger and cheaper, and can be more readily renewed, than those in prior use. Also *held* infringed.

Appeal from the District Court of the United States for the Southern District of New York; George C. Holt, Judge.

Suit in equity by the Edison Manufacturing Company against the Banks Electric & Manufacturing Company. Decree for complainant, and defendant appeals. Affirmed.

For opinion below, see 198 Fed. 495.

J. C. Tomlinson, Alfred C. Coxe, Jr., and A. G. N. Vermilya, all of New York City, for appellant.

Louis Hicks, of New York City (Delos Holden and Frederick Bachmann, both of Orange, N. J., of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. As stated by the District Judge, the—

"object of the invention is to simplify and cheapen the construction of primary batteries of the class in which the negative electrode consists of a plate of oxid of copper or other depolarizing agent properly molded and agglomerated, and the positive electrode of a plate or plates of zinc, so that renewals of the same would be less expensive and more readily carried out. By the invention both the electrodes are supported by one frame or hanger secured to the battery cover with one clamp. By such a construction the entire essential parts of the battery can be manufactured and put together in the factory, and, when the electrodes become exhausted, a renewal can be made by simply loosening the clamp, throwing away the old hanger with its attendant electrodes, and substituting a new set in its place by clamping the new hanger to the cover of the battery jar. * * * The result is a combination of the essential parts of the battery in one simple and rigid structure, which can be manufactured cheaply, can be easily renewed, and the use of which, when a renewal is necessary, largely avoids the danger of contact with the caustic soda solution in the jar in which the electrodes are plunged. The complainant's form of battery has gone into very extensive use, particularly for railroad signals."

The single claim in controversy, No. 5, reads as follows:

"In a voltaic battery, the combination of a sustaining contact frame, a negative plate for the battery supported in said frame, a positive plate or plates for the battery supported by said frame, and insulating means secured to said frame for securing said positive plate or plates thereto."

We concur with the District Judge in the conclusion that the invention was novel, and not anticipated by any of the patents, publications or uses of the prior art. The nearest device of the prior art is that described in United States patent No. 570,013 to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

R. W. Gordon, and embodied in a battery known as the "Gordon Recharge." In this device the negative electrode consists of a perforated metal cylindrical basket containing powdered oxid of copper or similar polarizing agent, which basket is surrounded by a broad ring of zinc, forming the positive electrode. Both electrodes are sustained by a frâme, with insulating means to prevent their contact. The mere difference in form would not distinguish this structure from that of the patent. If the cylindrical perforated basket were changed into a square flat basket, and the zinc ring into a square zinc plate, as in the illustrative exhibit shown on the argument, it would still be the Gordon structure. Defendant could use such a structure without risk of infringing the Dodge patent.

The important difference is that with a perforated basket, whatever its shape, the loose copper oxid is likely to sift through the perforations and lie on the porcelain supports, thus causing a partial short circuit, which would reduce the life of the cell materially. By the use of a plate of copper, instead of the perforated basket, Dodge avoids this difficulty. The elements of the combination are old, but the particular combination is novel, and we agree with Judge Holt in finding validity and infringement.

·Decree affirmed, with costs.